IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| SHARON K. COATES, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO.: 10-CV-00219-BEL |
| M&T BANK, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES OF M&T BANK[1]

Defendant, Manufacturers and Traders Trust Company ("M&T Bank" or "the Company"), by its attorneys, hereby submits the following Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Sharon K. Coates ("Ms. Coates"), and states as follows:

### A. JURISDICTION

1. M&T Bank[2] admits that Ms. Coates purports to bring this action for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq. ("Title VII"). M&T Bank denies that it violated Title VII or any other law.

---

[1] Manufacturers and Traders Trust Company ("M&T Bank") is the appropriate corporate defendant in this matter. In the event that Ms. Coates fails to amend her Complaint to dismiss M&T Bank Corp. and M&T Bank, N.A., M&T Bank intends to move to dismiss those entities from this case.

[2] To the extent that the Complaint sets forth allegations against M&T Bank Corp. and M&T Bank, N.A., those allegations are denied.

2. M&T Bank admits that Ms. Coates purports to invoke the jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5.

### B. PARTIES

3. M&T Bank admits that Ms. Coates has been an employee of the Company at all times relevant to the Complaint.

4. M&T Bank admits that M&T Bank Corp. is the parent holding company of M&T Bank and M&T Bank, N.A. M&T Bank admits also that it (a) provides certain services in the State of Maryland, including, but not limited to, financial and banking services; and (b) employs more than 500 people. M&T Bank denies that M&T Bank Corp. and M&T Bank, N.A. are proper defendants in this case.

5. The allegations set forth in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required.

6. The allegations set forth in Paragraph 6 of the Complaint constitute a legal conclusion to which no response is required.

### C. VENUE

7. M&T Bank is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. M&T Bank admits that it does business in, and at all times relevant to this Complaint has done business in, the State of Maryland.

9. The allegations set forth in Paragraph 9 of the Complaint constitute a legal conclusion to which no response is required.

## D. **BACKGROUND FACTS**

10. Upon information and belief, M&T Bank admits that Ms. Coates is African American. M&T Bank also admits that Ms. Coates has been disciplined and referred to the Company's Employee Assistance Program for, among other things, interacting and communicating with her co-workers in an unprofessional manner. M&T Bank further admits that Ms. Coates' misconduct has been discussed with her by management. M&T Bank denies each and every remaining allegation set forth in Paragraph 10 of the Complaint.

11. M&T Bank denies each and every allegation set forth in Paragraph 11 of the Complaint.

12. M&T Bank denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. M&T Bank denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. M&T Bank denies each and every allegation set forth in Paragraph 14 of the Complaint.

15. M&T Bank denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. M&T Bank denies each and every allegation set forth in Paragraph 16 of the Complaint.

17. M&T Bank denies each and every allegation set forth in Paragraph 17 of the Complaint.

18. M&T Bank denies each and every allegation set forth in Paragraph 18 of the Complaint.

19. M&T Bank admits that Ms. Coates purports to have adhered to and performed all conditions precedent to the filing of her Complaint.

    (a) M&T Bank admits that on or about February 2, 2009, Ms. Coates filed a Charge of Discrimination (Charge No. 531-2009-00685) against M&T Bank with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Company had discriminated against her based on her race and retaliated against her during the period of February 1, 2008 through November 5, 2008. M&T

    Bank denies the remaining allegations set forth in Paragraph 19(a) of the Complaint.

(b) M&T Bank admits that on or about September 10, 2009, Ms. Coates filed a second Charge of Discrimination (Charge No. 531-2009-01680C) against M&T Bank with the EEOC, alleging that the Company had retaliated against her during the period of April 8, 2009 through June 8, 2009. M&T Bank denies each and every remaining allegation set forth in Paragraph 19(b) of the Complaint.

(c) M&T Bank admits the allegations set forth in Paragraph 19(c) of the Complaint.

(d) M&T Bank admits the allegations set forth in Paragraph 19(d) of the Complaint.

(e) M&T Bank admits that (i) on or about February 19, 2009, the EEOC issued a Dismissal and Notice of Rights for EEOC Charge No. 531-2009-00685; and (ii) on or about October 30, 2009, the EEOC issued a Dismissal and Notice of Rights for EEOC Charge No. 531-2009-01680C.

(f) M&T Bank admits that Ms. Coates filed the instant lawsuit within 90 days after receiving the Notice and Dismissal of Rights for EEOC Charge No. 531-2009-01680C. M&T Bank denies the remaining allegations set forth in Paragraph 19(f) of the Complaint.

20. M&T Bank denies each and every allegation set forth in Paragraph 20 of the Complaint.

### E. **RELIEF**

M&T Bank denies that Ms. Coates is entitled to any of the relief requested in the "RELIEF" section following Paragraph 20 of the Complaint, or any other relief whatsoever.

## Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. Ms. Coates' claims are barred by the applicable statutes of limitations.

3. Ms. Coates' claims are barred because she failed to exhaust her administrative remedies.

4. Ms. Coates has waived and/or is estopped from pursuing any and all potential claims against M&T Bank.

5. Each and every decision made and action taken by M&T Bank towards Ms. Coates has been based upon legitimate, non-discriminatory reasons.

6. Ms. Coates has not alleged sufficient facts to show that the reasons proffered by M&T Bank for its actions are pretextual, nor can she establish such facts.

7. Ms. Coates' claims are barred in whole or in part due to her failure to follow M&T Bank's policies and procedures.

8. Ms. Coates cannot identify any similarly situated non-minority employees who received more favorable treatment from M&T Bank.

9. The alleged acts and/or omissions of M&T Bank were not the cause of Ms. Coates' alleged injuries.

10. Ms. Coates has not suffered legally cognizable damages as a result of M&T Bank's acts or omissions.

11. Ms. Coates has failed to mitigate her damages.

12. Ms. Coates is not entitled to declaratory relief, injunctive relief, back pay, front pay, liquidated, multiple, or compensatory damages.

13. Ms. Coates has not alleged and cannot establish the malice or reckless indifference required for punitive damages under Title VII.

14. Ms. Coates' claims for monetary relief and/or damages are limited by the applicable federal and state limits on monetary relief and damages.

15. M&T Bank reserves the right to assert additional affirmative defenses.

**WHEREFORE**, M&T Bank respectfully requests that a final judgment be entered in its favor against Ms. Coates, and that the Court award to the Company its costs, expenses, and attorneys' fees incurred in the defense of this case.

Respectfully submitted,

/s/
Jefferson V. Wright (Fed. Bar. No. 00990)
jwright@milesstockbridge.com
Justin C. Eller (Fed. Bar No. 26393)
jeller@milesstockbridge.com
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202
Tel: (410) 727-6464
Fax: (410) 385-3700

*Counsel for M&T Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2010, a copy of the foregoing Answer and Affirmative Defenses of M&T Bank was sent via electronic filing to:

>Neal M. Janey, Esq.
>Attorney-at-Law
>3801 Canterbury Road
>Baltimore, Maryland 21218
>
>*Counsel for Plaintiff*

_____/s/_____
Justin C. Eller, Esquire
